UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRICKLAYERS INS. & WELFARE FUND, et al.,

       Plaintiffs,

  -against-                <u>ORDER</u>
                       CV-09-1568 (ARR)
UNICO CONSTRUCTION, INC.,

       Defendant.
----------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

  Upon plaintiffs' application and in light of defendant's failure to appear or otherwise defend this action, the Clerk of the Court noted defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Docket Entry 5. Although plaintiffs sought a judgment for a sum certain pursuant to Rule 55(b)(1), the Clerk was unable to enter such a judgment because the principal amount sought in plaintiffs' motion for default judgment, Docket Entry 4, is greater than the principal amount sought in plaintiffs' complaint, Docket Entry 1. *Compare* Pls. Statement of Damages for Judgment by Default and Wasserman Aff. ¶ 8 (seeking principal contributions in the amount of $52,054.30) *with* Compl. ¶ 9 and wherefore cl. (1)(a) (seeking principal contributions in the amount of $51,469.80). *See also* FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); Local Civil Rule 55.2 (providing that a "moving party may request the clerk to enter a default judgment [for a sum certain], by submitting an affidavit showing the principal amount due and owing, *not exceeding the amount sought in the claim* . . . .") (emphasis added). As a result, by Order dated June 4, 2009, the Honorable Allyne R. Ross referred plaintiffs' motion for default judgment to me for a report and recommendation on what relief should be awarded. Docket Entry 7.

If plaintiffs wish to pursue a judgment for a sum certain, they shall submit a revised motion and affidavit in compliance with Local Civil Rule 55.2 no later than June 30, 2009. In the alternative, the court will conduct an inquest to determine the amount of damages to be awarded. If plaintiffs seek an inquest, they shall submit the following documentation, or cite to where in any prior submissions such documents are located:

(1) All collective bargaining agreements in force at the time of defendant's failure to remit payments to the plaintiffs. If there is no applicable agreement, plaintiffs shall explain the factual circumstances surrounding the lack of an agreement and the basis for a damages award under ERISA.

(2) All relevant trust agreements with provisions relating to (a) unpaid and delinquent contributions to plaintiffs and (b) interest and liquidated damages for late payments to plaintiffs;

(3) Remittance forms or other records maintained by plaintiffs documenting unpaid or delinquent contributions;

(4) Any audits of defendant's books and records supporting the fees charged by those conducting the audit. If plaintiffs were unable to conduct an audit of defendant's books, plaintiffs shall provide a detailed explanation, with supporting documentation, of how they calculate the amount due owing.

(5) An affidavit or affirmation detailing the calculation of unpaid contributions, interest and liquidated damages owed to plaintiffs; and

(6) A calculation of any attorney's fees, supported by contemporaneous time records, that plaintiffs seek to recover.

Plaintiffs' submission in support of damages pursuant to an inquest is due no later than

July 7, 2009. The court requests a courtesy copy of plaintiffs' submission. Any submission that defendant wishes to make in response is due no later than July 21, 2009. Any reply that plaintiffs wish to make should be filed no later than July 28, 2009.

Upon receipt of this Order, plaintiffs are hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendant at its last known address, and to provide the Court with a copy of the return receipt.

**SO ORDERED.**

Dated: Brooklyn, New York
June 16, 2009

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**